UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                    CRIMINAL ACTION

VERSUS                                                       NO. 09-391

LANDRY GRANDISON                                  SECTION "R"

## ORDER AND REASONS

Before the Court is defendant Landry Grandison's motion for early termination of supervised release.[1] The Government opposes the motion.[2] For the following reasons, the Court denies the motion.

## I.    BACKGROUND

On August 4, 2010, Landry Grandison pled guilty to one count of conspiracy to possess with the intent to distribute one kilogram or more of heroin and 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846.[3] On November 16, 2011, the Court sentenced Grandison to a term of imprisonment of 216

---

[1]    R. Doc. 1284.
[2]    R. Doc. 1291.
[3]    R. Docs. 52, 191.

months with credit for time served, to be followed by a ten-year term of supervised release.[4]

On October 8, 2014, Grandison filed a motion requesting a reduction in sentence based on sentencing amendments.[5] On June 2, 2015, the Court granted a reduction in defendant's sentence, reducing his prison sentence to 169 months.[6] All other provisions of the judgment dated November 16, 2011, including the ten-year term of supervised release were not modified.[7]

Grandison completed his prison sentence on December 17, 2021.[8] Having completed three years of supervised release, Wright now moves for early termination of supervised release.[9] The Government opposes the motion.[10]

The Court considers the motion below.

---

[4]    R. Doc. 601.

[5]    R. Doc. 828.

[6]    R. Doc. 864.

[7]    *Id.*

[8]    *See* Fed. Bureau of Prisons, *Find an Inmate* (2025), https://www.bop.gov/inmateloc.

[9]    R. Doc. 1284.

[10]    R. Doc. 1291.

## II.    LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant . . . any time after the expiration of one year of supervised release" after considering enumerated factors set out in 18 U.S.C. § 3553(a).   Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, the kinds of sentences and sentencing ranges available, and the need to avoid unwarranted sentencing disparities among similarly situated defendants. *See* 18 U.S.C. § 3553(a).  The Court may grant early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  The Court has broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

## III.   DISCUSSION

In support of his motion, Grandison asserts that he has fulfilled all the conditions of his supervised release.  He also submits three letters in support of his character, including one from his current employer.  Grandison's

associates state that he is a valued employee and community member. Despite this, the Court finds that early termination of Grandison's supervised release is not warranted.

Defendant's reduced sentence of 169 months was below the amended guideline range of 188 to 235 months. Additionally, as part of his plea deal, the government agreed to not charge Grandison with a second prior felony drug conviction which would have subjected him to a mandatory sentence of life in prison. Moreover, the factual basis signed by Grandison indicates that he was part of a large drug conspiracy. The seriousness of the drug charges he was convicted of and the low sentence he received weigh against termination. With the need for deterrence and for Grandison's sentence to be comparable to those of other defendants convicted of similar offenses, the factors listed in 18 U.S.C. § 3553(a) weigh in favor of continued supervised release.

Although Grandison's character growth and good standing at work and in his community indicate that he is not likely to become a public safety concern, the Court is not convinced that granting termination at this stage would reflect "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment." 18 U.S.C. § 3553(a)(2)(A). Accordingly, the Court finds that

early termination is not warranted by defendant's conduct or the interests of justice.  *See* 18 U.S.C. § 3583(e).

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion.


New Orleans, Louisiana, this   25th   day of August, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE